# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MEISTER PARK HOMEOWNERS ) <br> ASSOCIATION, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 2:16-cv-01969-GMN-GWF <br><br> **ORDER** |

      This matter is before the Court on Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Service by Publication as to Soraya Barnes (ECF No. 48), filed on March 14, 2017. Also before the Court is Defendant SFR's Motion to Enlarge Time to Serve Summons and Cross-Claim (ECF No. 49), filed on March 14, 2017.

      Pursuant to Fed. R. Civ. P. 6(b) and LR 26-4, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure – which governs the time limit of service – allows the court to grant an extension of time for service if the plaintiff can show good cause for his failure to timely serve a defendant. Rule 4(e) of the Federal Rules of Civil Procedure provides that the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. N.R.C.P. 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).

      Defendant SFR represents that it has attempted service upon Counter-Defendant Soraya

Barnes on multiple occasions and at multiple addresses.  Defendant SFR represents that it conducted a diligent search to locate her.  Therefore, Defendant SFR requests an additional sixty (60) days to serve Counter-Defendant Barnes.  The Court finds that Defendant SFR has provided sufficient good cause to warrant an extension of time to serve Counter-Defendant Barnes.  Defendant SFR also requests that it be permitted to serve Counter-Defendant by publication.  Defendant SFR has demonstrated due diligence in attempting service on Counter-Defendant that would warrant permitting service by publication.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Service by Publication as to Soraya Barnes (ECF No. 48) is **granted** as follows:

1. Counter-Defendant Barnes may be served by Defendant SFR through publication of the summons and cross-claim in this case at least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.  Said service must be effectuated on or before **May 16, 2017.**

DATED this 17th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge