UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-12T1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-12T1,<br><br>           Plaintiffs,<br><br>   vs.<br><br>MEISTER PARK HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, INCLUSIVE, AND ROE CORPORATIONS I-X, INCLUSIVE,<br><br>           Defendants. | Case No.: 2:16-cv-01969-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion for Default Judgment, (ECF No. 114), filed by SFR Investments Pool 1, LLC ("SFR") against Cross-Defendant Soraya Barnes ("Barnes"). Barnes did not file a Response. (Notice of No Opp'n to SFR's Appl. for Default J., ECF No. 116).

Also pending before the Court is the Motion to Expunge Lis Pendens, (ECF No. 101), filed by Intervenor Catamount Properties 2018, LLC ("Catamount").

For the reasons discussed below, the Court **GRANTS** SFR's Motion for Default Judgment Against Barnes and **DENIES** Catamount's Motion to Expunge Lis Pendens.

## I.   BACKGROUND

This case arises from the foreclosure sale of real property located at 292 Ben Johnson Court, Las Vegas, Nevada 89183; Parcel No. 177-28-710-001 (the "Property"). (SFR's Mot. for Default J. 2:3–7, ECF No. 114-6); (Grant, Bargain, Sale Deed, Ex. 1-A to Mot. Default J., ECF

1   No. 114-2). Barnes purchased the Property by way of a loan for $440,000.00, evidenced by a
2   note and secured by a deed of trust ("DOT") recorded on March 15, 2007. (DOT, Ex. A-4 to
3   SFR's Motion for Summary Judgment ("MSJ"), ECF No. 83-5). The DOT was later assigned
4   to Bank of New York Mellon f/k/a Bank of New York ("BNYM"). (Assignment of DOT, Ex.
5   A-11 to SFR's MSJ, ECF No. 83-12).

6   Upon Barnes's failure to pay all amounts due, Meister Park Homeowners Association
7   ("HOA"), through its agent, Nevada Association Services, Inc. ("NAS"), initiated foreclosure
8   proceedings on the Property. (Notice of Delinquent Assessment, Ex. 1-B to Mot. Default J.,
9   ECF No. 114-3). Pursuant to Nevada Revised Statute ("NRS") Chapter 116, NAS recorded a
10  notice of delinquent assessment lien, followed by a notice of default, and a notice of foreclosure
11  sale. (Notice of Delinquent Assessment, Ex. 1-B to Mot. Default J.); (Notice of Default, Ex. 1-
12  C to Mot. Default J., ECF No. 114-4); (Notice of Foreclosure Sale, Ex. 1-D to Mot. Default J.,
13  ECF No. 114-5). SFR then purchased the Property at HOA's foreclosure sale. (Foreclosure
14  Deed, Ex. 1-E to Mot. Default J., ECF No. 114-6).

15  On August 18, 2016, BNYM commenced this action by filing its Complaint against
16  HOA, NAS, and SFR wherein BNYM claimed that HOA's foreclosure sale was improper and
17  invalid. (Compl. ¶¶ 17–26). BNYM also filed Notice of Lis Pendens with its Complaint.
18  (Notice of Lis Pendens, ECF No. 3).

19  SFR then filed an Answer on December 13, 2016, and alleged various counterclaims and
20  crossclaims. (SFR's Answer, ECF No. 24). In its crossclaim against Barnes, SFR sought to
21  quiet title to the extent Barnes may claim a competing interest in the Property. (SFR's Answer
22  ¶¶ 49–53). On December 13, 2016, SFR issued its Summons as to Barnes; however, SFR was
23  unable to effectuate service because Barnes could not be located and served. (Summons Issued
24  as to Soraya Barnes, ECF No. 30); (SFR's Affidavit of Due Diligence re Summons Issued, ECF
25  No. 42). Upon granted motion by the Court, SFR then served Barnes by publication in the

Nevada Legal News. (Order Granting SFR's Mot. for Service by Publication, ECF No. 54); (Aff. of Publication, ECF No. 61).

Barnes has failed to appear or otherwise defend herself in the case. (Decl. Jason G. Martinez ("Martinez Decl.") ¶ 10, Ex. 2 to Mot. Default J., ECF No. 114-7). Accordingly, on March 6, 2018, SFR secured Clerk's Entry of Default against Barnes. (Clerk's Entry of Default, ECF No. 79). SFR now moves for entry of default judgment against Barnes. (Mot. Default J., ECF No. 114). Additionally, Catamount moves to expunge BNYM's Notice of Lis Pendens. (Catamount's Mot. to Expunge Lis Pendens, ECF No. 101).

## II.   LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III.   DISCUSSION

### A.  Motion for Default Judgment

SFR moves for default judgment against Barnes, requesting declaratory relief with respect to its crossclaim. SFR has initiated the two-step process required under Rule 55 by

moving for clerk's entry of default against Barnes, (*see* ECF No. 78), which the Clerk subsequently entered, (*see* ECF No. 79).

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of SFR and against Barnes. The first *Eitel* factor weighs in favor of default judgment. A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits." *See*, *e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 U.S. Dist. LEXIS 33632, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods., Inc. v. Sanchez*, No. 217-CV-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018). During the three years SFR has litigated this case, Barnes has not responded or otherwise defended herself. (Martinez Decl. ¶ 10, Ex. 2 to Mot. Default J.). Without default judgment, SFR would consequently suffer prejudice by expending additional resources to litigate the unopposed crossclaims.

Regarding the second and third *Eitel* factors, the Court finds that SFR's crossclaim for quiet title, which requests declaratory relief, is sufficiently pleaded and meritorious as to Barnes. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)). In this case, SFR alleges that to the extent Barnes purports to claim an interest in the Property, SFR's purchase of the same property extinguished the interest by operation of NRS Chapter 16. (*See* SFR's Answer 14:18–19). SFR introduced evidence that it purchased the Property from HOA after HOA foreclosed on the superpriority portion of its lien. (Notice of Delinquent Assessment, Ex.1-B to Mot. Default J.); (Notice of Default, Ex. 1-C to Mot. Default J.); (Not. of Foreclosure Sale, Ex. 1-D to Mot. Default J.); (Foreclosure Deed, Ex. 1-E to Mot.

Default J.). Accordingly, SFR has shown that it would likely be meritorious against any claim to title of the Property that Barnes may raise.

The fourth *Eitel* factor bears minimal consideration because SFR does not request a monetary award but rather declaratory relief. (Mot. Default J. 6:6–10). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, also favors SFR. Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)). Taking SFR's Cross-Complaint's allegations as true, Barnes possessed an interest in the Property, which was subsequently extinguished by HOA's purchase at the foreclosure sale. (SFR's Answer 14:18–19).

With respect to the sixth *Eitel* factor, the Court finds that Barnes's failure to appear was not the result of excusable neglect. SFR attempted to serve Barnes on multiple occasions with a copy of the Summons, Answer, Counterclaim, and Crossclaims—first by attempted personal service in December 2016 and again by publication in March and April of 2017. (*See* ECF Nos. 24, 30, 61). On March 6, 2018, the Clerk of Court entered default judgment against Barnes. (Clerk's Entry of Default, ECF No. 79). SFR then filed its present Motion, (ECF No. 114), on February 24, 2020. Barnes's failure to appear or otherwise file anything with respect to this action counsels against finding excusable neglect. *ME2 Prods.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment for SFR and against Barnes is appropriate in light of the other *Eitel* factors.

**B. Motion to Expunge Lis Pendens**

Intervenor Catamount requests that the Court expunge BNYM's Notice of Lis Pendens filed on August 18, 2016. (Mot. to Expunge Lis Pendens, ECF No. 101). Catamount appears to have filed its Motion in the wrong case. The case number in Catamount's Motion, 2:17-cv-02006-RFB-GWF, cites to another case, *Bank of New York Mellon v. Washington & Sandhill Homeowners Association*, 2:17-cv-02006-RFB-GWF. (*Id.*). In addition, the property referred to in Catamount's Motion refers to a property different from the Property in this case. (*Id.* at 2:3–4). Accordingly, the Court denies Catamount's Motion to Expunge Lis Pendens.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that SFR's Motion for Default Judgment, (ECF No. 114), is **GRANTED**.

**IT IS FURTHER ORDERED** that Catamount's Motion to Expunge Lis Pendens, (ECF No. 101), is **DENIED**.

**DATED** this 25 day of November, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court