UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-12T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-12T1,<br><br>Plaintiff,<br><br>v.<br><br>MEISTER PARK HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants.<br><br>CATAMOUNT PROPERTIES 2018, LLC,<br><br>Defendant In Intervention. | Case No. 2:16-cv-01969-GMN-GWF<br><br>**ORDER** |

Pending before the Court is Catamount Properties 2018, LLC's Motion for Order Requiring Rental Payments to be Posted with Court. ECF No. 148. The Court has considered Catamount's Motion, Defendant SFR Investment Pool's Response (ECF No. 151), and Catamount's Reply. ECF No. 152. No other party that remains active in this case filed any document in support or opposition to Catamount's Motion.

**BACKGROUND**

This case commenced on August 18, 2016, with Bank of New York Mellon's ("BoNYM") Complaint alleging Meister Park Homeowners Association ("HOA") foreclosed on a property that was thereafter sold to SFR Investments Pool 1, LLC ("SFR") for an amount substantially below the fair market value in contravention of BoNYM's rights under the senior deed of trust. ECF No. 1 ¶¶ 14-26. BoNYM's Complaint seeks, *inter alia*, "a declaration that the HOA's foreclosure did not

1

extinguish the senior deed of trust, or, alternatively, the HOA's foreclosure is void." *Id*. ¶ 31. SFR is and has been in possession of the property at issue since the sale by the HOA, and has, at least at some points in time, collected rent from tenants of the property.[1] In 2018, the Court granted a Motion for Summary Judgment in favor of BoNYM finding that SFR purchased the property at issue subject to BoNYM's deed of trust. ECF No. 148 at 3. BoNYM then held a foreclosure sale on June 26, 2019 selling the property to Catamount. *Id*. On January 22, 2020, the Ninth Circuit reversed the summary judgment order, which the Court vacated setting new dates for renewed Motions for Summary Judgment. ECF No. 106. Renewed Motions for Summary Judgment are now pending.

In the meantime, Catamount's instant Motion seeks an order from the Court "requiring SFR to deposit all rent it has received, as well as future rent payment[s], with the [C]ourt during the pendency of this action." ECF No. 148 at 3. In response to Catamount's Motion, SFR points out that when Catamount contacted SFR regarding eviction of SFR's tenant after BoNYM's sale of the property to Catamount, "SFR agreed to put the rent minus expenses in its counsel's trust account pending the litigation regarding the [p]roperty to avoid disrupting the tenant's life and to make sure the [p]roperty was maintained." ECF No. 151 at 2. SFR states that it has kept this agreement since that offer was made.

**DISCUSSION**

Catamount's Motion is considered by the Court pursuant to Fed R. Civ. P. 67, which states, in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

The decision whether to allow a Rule 67 deposit lies within the sound discretion of the court. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, Case No. 2:20-CV-401-RSM-DWC, 2020 WL 5526686, at *2 (W.D. Wash. Sept. 15, 2020) (internal citation omitted). The "core purpose" of the rule is to "relieve a party who holds a contested fund from responsibility for disbursement of that fund among

---

[1] The Court takes notice that the tenant has made no rental payments since September 1, 2020, after submitting a "Declaration Under Penalty of Perjury for the CDC's Temporary Halt in Evictions to Prevent Further Spread of Covid-19." ECF No. 151 at 2.

those claiming some entitlement thereto." *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir.2007). "In deciding whether to exercise their discretion, federal courts have looked to whether the amount sought to be deposited was definite; whether the funds could be deposited all at once or whether there would be repeated deposits that would impose an undue burden on the clerk of court; and whether the party seeking leave to deposit the funds had demonstrated a likelihood of success on the merits." *Icicle Seafoods, Inc.*, 2020 WL 5526686, at *2 *quoting Kansas City S. Ry. Co. v. Borrowman*, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30, 2009).

Most typically, Rule 67 is used to "allow a settling defendant to withdraw from litigation while competing claimants continue to squabble over their entitlement to the settlement proceeds." *Alstrom Caribe*, 484 F.3d at 114. However, a contract dispute may also allow for the proper deposit of funds with the Court. *Gulf State Util. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir.), *as amended*, 831 F.2d 557 (5th Cir. 1987). Here, the issue in dispute is the validity of BoNYM's foreclosure sale to Catamount, not the rental payments. As such, Catamount contends in its Motion that "when this [C]ourt determines whether the foreclosures were valid …, it can also make a determination as to who is entitled to the monies that have been posted with the [C]ourt." ECF No. 148 at 3. Catamount further states that by requiring SFR to deposit all rent paid during the pendency of this matter with the Court, the parties will have "an extra layer of security" based on the "party [] ultimately determined to have clear, marketable title" to the property at issue. *Id*.

SFR counters this argument by explaining the rent payments are securely deposited in its attorney's trust account, which undermines the notion that good cause exists to require the deposits Catamount seeks. ECF No. 151 at 2. SFR further asserts that Catamount is asking that all rental funds be deposited with the Court despite the fact that SFR incurs expenses to maintain the property, and that to deposit ongoing rental payments would require "multiple interactions" that are now unnecessary when such payments are delivered to SFR's attorney's trust account. *Id*. at 3-4. SFR takes issue with Catamounts reference to an "extra layer of security" as there is nothing to suggest the attorney trust account into which the funds are going is unsecure. *Id*. at 4.

In Reply, Catamount argues that the rental payments are disputed funds, depositing the rental payments with the Court will ensure they are set aside during this litigation, and that doing so will cause no hardship to SFR.  ECF No. 152 at 3.

Considering the factors identified in *Icicles Seafood*, the Court finds that the amounts to be deposited are not definite.  In fact, at present, there appears no rental payments are being made.  Once payments recommence, it is unclear how much will be paid, on what schedule amounts will be paid, and whether past due amounts will be negotiated and paid.  For these reasons, the rental payments cannot be deposited all at once, but will instead, potentially, be deposited on numerous occasions.  Moreover, because of the uncertainty surrounding the rental payments, the Clerk of Court will be unduly burdened by the potential deposits.  Finally, the Court cannot conclude that Catamount, the party seeking leave to deposit the funds, has demonstrated a likelihood of success on the merits.  The Court further finds that the historic rental payments were securely deposited with SFR's attorney's trust account, and Catamount does not suggest and offers nothing to support a contrary conclusion regarding future payments.

**Order**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Defendant in Intervention's Motion for Order Requiring Rental Payments to be Posted With Court (ECF No. 148) is DENIED.

Dated this 2nd day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4